IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

James Renwick Manship, Sr., )
    Plaintiff, )
)
v. ) 1:07cv772 (TSE/TCB)
)
Richard Trodden, et al., )
    Defendants. )

## MEMORANDUM OPINION

James Renwick Manship, Sr., proceeding pro se, filed this action, alleging that nine defendants conspired to interfere with his "civil rights" and did deprive him of his "civil" and "equal rights," in violation of 42 U.S.C. §§ 1981, 1983 and 1985. Plaintiff also filed an application to proceed in forma pauperis, and by Order dated August 14, 2007, plaintiff's application was granted, pursuant to 28 U.S.C. § 1915(a)(1). Nonetheless, § 1915(e)(2)(B) provides that the court "shall dismiss" an action filed in forma pauperis "at any time if the court determines that the action or appeal is (i) frivolous or malicious; (ii) fails to state a clam on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Upon further review of plaintiff's amended complaint, it is clear that this action must be dismissed for failure to state a claim.

### I. Background[1]

In February of 2007, plaintiff, a self-described disabled veteran, moved to northern Virginia to assist defendant David Brian Nolan, a lawyer, with research on a wrongful termination matter that

---

[1] Plaintiff's rambling and largely unexplained allegations render the factual bases of the instant complaint difficult to discern, but the court compiles a factual background from the more lucid of the 147 paragraphs contained in plaintiff's amended complaint and his August 29, 2007 letter.

had been "appealed" to the United States Supreme Court. Plaintiff alleges that on April 13, 2007, defendant Nolan "abandoned" his client in the wrongful termination matter and then, "days later turned against" him. Plaintiff tried to "aid" Nolan's client and claims that on April 16, 2007, defendant Nolan "issued a retaliatory Notice to Quit" which "damaged a substantial business investment in the property by [plaintiff]." Plaintiff alleges that defendant Nolan was his landlord. Plaintiff also alleges that he had a video tape of defendant David Richard Prestige's "forcible entry" into his home on April 26, 2007, but that these video tapes and an accompanying power cable were stolen during a "self-help eviction" of plaintiff's personal property from his home. Defendants Prestidge and Nolan allegedly directed defendant Virginia Paving Company to "dump" plaintiff's belongings in the front yard. On May 22, 2007, defendant Prestige allegedly offered plaintiff a "deal" in the form of an "ultimatum" that plaintiff "move out" by May 25 "or else." When plaintiff returned to his home and began to "safeguard his property from theft or bad weather," defendant Officer Toomey arrested plaintiff for criminal trespass.

Plaintiff alleges that he then made multiple demands to call an attorney and that Toomey and "three other policemen" never read him his "<u>Miranda</u> Rights statement." During his arrest, plaintiff claims he was "man-handled" by defendant Toomey, leading to an aggravation of an injury of plaintiff's right shoulder. Plaintiff allegedly requested medical care for his injured right shoulder "for hours." Plaintiff was then released on his own recognizance by the Arlington Country magistrate, whom plaintiff claims "refused to accept [d]efendants Toomey and Nolan's attempted [c]riminal [t]respass charge, so they conspired for a lesser charge of unlawful entry."

Plaintiff claims that he then made a written request to the Commonwealth's Attorney to exercise its discretion to drop the charges against him. On August 7, 2007, after learning that the

Commonwealth was not dropping the charges, plaintiff filed the instant complaint. That day, plaintiff appeared in "Arlington Court" on the charge of unlawful entry. Plaintiff alleges that defendant Toomey had failed to appear as scheduled, and that after the judge denied defendant Jason McCrandless' motion for continuance, McCandless "moved the Court to Nolle Prosequi" the charges against plaintiff.

Plaintiff's amended complaint also contains a number of assorted, unexplained, and unconnected allegations. Plaintiff alleges that defendant Judge William Newman of Arlington County failed to be a "just judge" when he gave "special privileges" to defendant Nolan. Plaintiff alleges that defendant Kelly Pulsifer of Arlington Legal Services engaged in a conspiracy to "deprive indigent citizens of equal rights of proper and honest legal counsel" when she "dropped" plaintiff as a client. Plaintiff names the "servants of the citizens of Arlington County" as defendants and alleges that these unnamed servants aided and abetted the other defendants in depriving him of his constitutional rights. Plaintiff alleges further that defendant Beth Arthur "aided and abetted" the "threat process" of defendant Prestige when she ignored plaintiff's request for "[s]ecurity [v]ideos to reveal the threat." Plaintiff also makes numerous claims of false arrest, false imprisonment, "failure of due diligence," failure to read "Miranda warnings," and assault and battery.

On August 14, 2007, plaintiff filed an amended complaint and an incomprehensible "Civil Rights Violations Court Documents Delivery Statement." The amended complaint against defendants Trodden, Toomey, Chief of Police M. Douglas Scott, Arthur, Newman, the "servants of the citizens of Arlington County," Nolan, Prestige and McCandless seeks money damages and other "such relief as may be reasonable and just" against defendants for their alleged violations of 42 U.S.C. §§ 1981, 1983, and 1985.

3

## II. Standard of Review

While district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Because plaintiff's amended complaint fails to state a claim under §§ 1983, 1981 and 1985, it must be dismissed for failure to state a claim.

## III. Analysis

### A. Failure to State a Claim Under 42 U.S.C. § 1983

#### 1. State Action

Plaintiff fails to state a § 1983 claim against defendants Nolan, Prestige, Pulsifer and Virginia Paving because the amended complaint contains no allegations of fact suggesting that these defendants either engaged in state action or a conspiracy with state actors to violate plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The United States Constitution[2] regulates only the government and not private parties; thus a litigant claiming a violation of constitutional rights

---

[2] At no point in his amended complaint does plaintiff allege that he was denied rights guaranteed to him by operation of the laws of the United States.

must first establish that the conduct he challenges constituted "state action." See Blum v. Yaretsky, 457 U.S. 991, 1002-05 (1982); see also United States v. Price, 383 U.S. 787, 794 n.7 (1966) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."). To qualify as "state action," the challenged conduct "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and the "party charged with [such conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

For a private party to be held liable under § 1983, the plaintiff must allege that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights. See Dennis v. Sparks, 449 U.S. 24 (1980) (holding that private parties who conspired with a judge acting under color of state law could be liable under § 1983 even though the judge was immune from damages liability); see also Adickes v. Kress & Co., 398 U.S. 144, 152 (1970) (holding that a private party that engaged in racial discrimination as part of a state-enforced custom would be a state actor for purposes of § 1983). A "naked assertion" of a conspiracy, however, is insufficient; rather, plaintiff must present facts supporting the allegation of conspiracy. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); see Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983). To state a conspiracy, the complaint must include allegations of fact indicating that there was a "combination, agreement, or understanding among all or between any of the defendants," Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974), and that the private actor was a "willful participant" in joint action with the state or its agents. Dennis, 449 U.S. at 27-28.

According to plaintiff, Nolan was his landlord and an attorney, Prestige was a "contractor"

5

of an unknown entity, Pulsifer was his legal services attorney, and Virginia Paving was a business entity. Plaintiff does not allege that any of these defendants were employed by or doing business on behalf of the State, nor does he allege that their acts or omissions were caused by the exercise of any right or privilege created by the state. Additionally, there is no allegation in the amended complaint that the state had any responsibility for Nolan, Prestige, Pulsifer or Virginia Paving, nor are there any facts in the amended complaint suggesting that these defendants could be fairly labeled as state actors. Moreover, although plaintiff claims numerous times throughout the course of his amended complaint that these defendants conspired to deprive him of various rights protected by the Constitution, such claims amount to no more than "naked" assertions of conspiracy insufficient to sustain an action under § 1983. Accordingly, as plaintiff has failed to establish that defendants Nolan, Prestige, and Virginia Paving were either engaged in state action or conspired with state actors to deprive plaintiff of his constitutional rights, his claims against these defendants must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Immunity

Although defendants Newman and McCandless were state actors, plaintiff's claims against these defendants must be dismissed because plaintiff seeks monetary against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). The Supreme Court has held that in "initiating a prosecution and presenting the State's case" in court, a state prosecutor is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). As long as a prosecutor is performing those duties "intimately associated" with the judicial phase of the criminal process, public policy considerations weigh in favor of a grant of absolute immunity. Imbler, 424 U.S. at 410, 427; Carter v. Bush, 34 F.3d 257, 261-62 (4th Cir.

1994).³ The Fourth Circuit has noted that "the public interest in forthright enforcement of the criminal law is best served when a state's attorney can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits." Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974). Plaintiff's amended complaint establishes that defendant McCandless, a state prosecutor, was pursuing a criminal prosecution against plaintiff for unlawful entry. Accordingly, McCandless has absolute immunity from suit under 42 U.S.C. § 1983, and plaintiff's claims against him must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii). Moreover, it is well-settled that judges are absolutely immune from suits for damages arising out of their "judicial acts." Pierson v. Ray, 386 U.S. 547 (1967). Plaintiff's amended complaint establishes that defendant Judge William Newman was the judge in a an unspecified proceeding that occurred on May 25. Accordingly, as plaintiff's claims against defendant Newman arise out of his judicial acts during the May 25 proceeding, they must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

3. Supervisory Liability

Plaintiff's claims against defendant Richard Trodden must also be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In the letter accompanying his amended complaint, plaintiff alleges that defendant Trodden, a "Commonwealth Attorney," failed to supervise defendant McCandless properly.

Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing

---

³ These policy considerations include "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler, 424 U.S. at 423.

Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted).

To satisfy the first element, a plaintiff must show: "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to plaintiff." Id. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions . . . ." Id. (citing Slakan, 737 F.2d at 373-74). To satisfy the second element, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id. (citing Miltier v. Beorn, 896 F.2d 848, 896 (4th Cir. 1990)).

Plaintiff fails to state a claim against defendant Trodden. Plaintiff does not specify how or in what manner Trodden failed to supervise McCandless. Moreover, although plaintiff makes a conclusory claim that Trodden's "part in the conspiracy [was] his failure to properly supervise

[d]efendant] Jason McCandless, and he Mr. David Nolan," plaintiff's unsupported allegations are insufficient to establish the presence of a "pervasive and unreasonable risk" of constitutional injury necessary to state a claim under § 1983. Moreover, as plaintiff has presented no facts establishing that McCandless violated his constitutional rights, he is unable to state a claim of deliberate indifference against defendant Trodden. Accordingly, plaintiff's claims against defendant Trodden must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. Remaining Claims - Officer Toomey, M. Douglas Scott, and the "Servants of the Citizens of Arlington County"

To state a claim under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See Rendell-Baker, 457 U.S. at 838. Plaintiff has not presented facts in his amended complaint to explain how or in what manner defendants "Servants of the Citizens of Arlington County" acted personally in the deprivation of plaintiff's constitutional rights. Accordingly, plaintiff's claims against those defendants must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also makes numerous claims of false arrest, false imprisonment, failure to read "Miranda warnings," assault and battery, denial of right to counsel, and false statements against defendants Toomey and Scott. Plaintiff's claims against defendant Scott, the Chief of Police, must be dismissed for failure to state a claim because the amended complaint fails to connect defendant Scott in any way to any of the alleged deprivations of plaintiff's constitutional rights. Plaintiff also fails to state a claim against defendant Toomey. To succeed in an action for false arrest pursuant to 42 U.S.C. § 1983, plaintiff must demonstrate that his arrest was not supported by probable cause.

North Carolina v. McCurry, No. 98-2038, 1999 WL 152622, at * 1 (4th Cir. 1999) (citing Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974)). Plaintiff's amended complaint contains neither an allegation nor facts to support a finding that his arrest and subsequent imprisonment was not supported by probable cause, and plaintiff does not present any facts to show that defendant Toomey did not have probable cause to believe that plaintiff was committing an arrestable offense. With respect to the allegedly false statements made by defendant Toomey in connection with the criminal complaint, the complaint contains no facts establishing that Toomey acted with "reckless disregard" or made "deliberate" misstatements requisite for a showing for a Fourth Amendment violation. See Franks v. Delaware, 438 U.S. 154, 170 (1978). Plaintiff also fails to allege facts connecting defendant Toomey to his conclusory and unexplained allegations of assault and battery and "denial of right to counsel." Finally, with respect to plaintiff's claim that Toomey failed to read plaintiff his "Miranda warnings," there is no allegation in the amended complaint that any statements plaintiff may have made to defendant Toomey or other Arlington police officers were ever introduced against him at trial. Accordingly, any alleged failure on Toomey's part to warn plaintiff of his "Miranda rights" did not violate plaintiff's constitutional rights and cannot serve as the basis for a § 1983 claim. See Chavez v. Martinez, 538 U.S. 760, 772 (2003). Accordingly, the claims against defendant Toomey must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

5. Motion to Dismiss

Finally, with respect to defendant Sheriff Beth Arthur, plaintiff has filed a "Motion to Excuse a Party - Beth Arthur," which the Court construes as a Motion to Dismiss defendant Arthur. In support of his Motion, plaintiff avers that Arthur produced and mailed a security camera video, thus demonstrating that she "was not withholding evidentiary matter." Plaintiff's Motion to Dismiss will

be granted, and defendant Arthur will be dismissed with prejudice as a defendant in this action.

B. Failure to State a Claim under 42 U.S.C. §§ 1981, 1985

To state a claim under either 42 U.S.C. § 1981,[4] plaintiff must allege, at a minimum, discrimination based on racial animus and that the plaintiff's right to make or enforce contracts was affected by the discrimination. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990); Anderson v. Daley, No. Civ.A 00-109-A, 2000 WL 34541008, at * 3 (E.D.Va. Apr. 12, 2000). Likewise, a claim under 42 U.S.C. § 1985[5] must allege: (1) a conspiracy of two or more persons; (2) who are motivated by a specific class-based, invidiously discriminatory animus; (3) to deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff, (5) as a consequence of an overt act committed by the defendants in connection with the conspiracy. See Frances v. Barnes, 69 F.Supp.2d 801, 807 (E.D.Va. 1999) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)). Merely conclusory allegations about the existence of a conspiracy are insufficient to state a claim. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995).

---

[4] Title 42 U.S.C. § 1981 provides, in relevant part, that:

(a) [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind ....

[5] Title 42 U.S.C. § 1985(3) provides, in relevant part, that:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... , the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The amended complaint completely fails to allege facts sufficient to state a claim under either § 1981 or § 1985 against any of the named defendants. Plaintiff has not alleged any facts demonstrating that any of the named defendants acted with a racial or specifically class-based "invidiously discriminatory animus" during the events about which plaintiff complains. Moreover, with respect to plaintiff's claim concerning defendant Nolan's alleged failure to pay him for the research assistance he provided, the amended complaint fails to present any facts connected Nolan's alleged failure to pay with any discriminatory animus. Finally, other than plaintiff's conclusory and unsupported assertions that the named defendants engaged in various conspiracies to deprive him of his equal and civil rights, plaintiff has alleged no facts supporting the existence of a conspiracy necessary to state a claim under either § 1981 or § 1985. Accordingly, plaintiff's claims under § 1981 or § 1985 against the named defendants must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Conclusion

For the above reasons, plaintiff's Motion to Dismiss defendant Arthur will be granted, and this complaint must be dismissed for failure to state a claim. An appropriate Order shall issue.

Entered this 22 day of October 2007.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia